

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED

MAY 09 2013

In The Office of the
Court Clerk RHONDA HALL

HIPOINT PARTNERS, LLC; )
L&S DEVELOPMENT, LLC; )
ROBINSON MEDICAL PLAZA, LLC; )
BCS DEVELOPMENT, LLC; and, )
A+MINI STORAGE 4, LLC, )
                        Plaintiffs, )
)
v.                             ) Case No. CJ-2013-688-L
)
PATHFINDER/LL&D INSURANCE )
GROUP, LLC; VERICLAIM, INC.; )
LEXINGTON INSURANCE COMPANY; )
COMMERCIAL INDUSTRIAL BUILDING )
OWNERS ALLIANCE, INC.; and, )
CLAIMS ADJUSTING GROUP, INC., )
)
                        Defendants. )

## PETITION

Plaintiffs, Hipoint Partners, LLC, L&S Development, LLC, Robinson Medical Plaza, LLC, BCS Development, LLC, and A+Mini Storage 4, LLC (referred to separately or collectively as "Insureds"), for their action against defendants, Pathfinder/LL&D Insurance Group, LLC ("Pathfinder"), Vericlaim, Inc. ("Vericlaim"), Lexington Insurance Company ("Lexington"), Commercial Industrial Building Owners Alliance, Inc. ("CIBA"), and Claims Adjusting Group, Inc. ("CAG") (referred to separately or collectively as "Defendants"), allege and state as follows:

1.    Hipoint Partners, LLC ("Hipoint"), is an Oklahoma limited liability company authorized to and transacting business in Cleveland County, Oklahoma.

2.    L&S Development, LLC ("L&S"), is an Oklahoma limited liability company authorized to and transacting business in Cleveland County, Oklahoma.

EXHIBIT 1
Page 1 of 9

3. Robinson Medical Plaza, LLC ("Robinson"), is an Oklahoma limited liability company authorized to and transacting business in Cleveland County, Oklahoma.

4. BCS Development, LLC ("BCS"), is an Oklahoma limited liability company authorized to and transacting business in Cleveland County, Oklahoma.

5. A+Mini Storage 4, LLC, ("A+"), is an Oklahoma limited liability company authorized to and transacting business in Cleveland County, Oklahoma.

6. Pathfinder is a foreign limited liability company transacting business in Cleveland County, Oklahoma.

7. Vericlaim is a foreign corporation transacting business in Cleveland County, Oklahoma.

8. Lexington is a foreign insurance company transacting business in Cleveland County, Oklahoma.

9. CIBA is a foreign corporation transacting business in Cleveland County, Oklahoma.

10. CAG is a wholly owned subsidiary of CIBA and foreign corporation transacting business in Cleveland County, Oklahoma.

11. Venue and jurisdiction are proper in this judicial district.

12. In 2009, the Insureds, by and through their authorized representative, Sassan Moghadam, contacted several insurance agents, including Pathfinder, to procure property and casualty insurance on multiple properties owned by the Insureds and others. Because twenty-three (23) individual properties were involved, one of the key factors for deciding where to purchase insurance was the Insured's desire to obtain coverage with a single deductible per

2

EXHIBIT 1
Page 2 of 9

occurrence, regardless of the number of properties damaged. Likewise, the Insureds sought a single deductible per event for casualty losses.

13. A policy was procured through Pathfinder in 2009, with Lexington as the insurer and CIBA as an insured. Insureds are also named insureds under the policy. At the time, Pathfinder represented to Mr. Moghadam that in the case of an occurrence affecting several properties, the Insureds would only be responsible for paying one deductible in the amount of $10,000 per occurrence for property damage and/or one deductible in the amount of $5,000 per occurrence for casualty losses.

14. In May, 2011, after an occurrence resulting in casualty losses occurred at two insured properties, Pathfinder reported to Mr. Moghadam that, contrary to the representations and promises made to the Insureds when the policy was purchased, two deductibles were being applied, one for each property, instead of only a single deductible. At the time the issue arose, Pathfinder did not disclose to the Insureds that multiple deductibles would also apply to any future property damage claims, nor did Pathfinder disclose the amount(s) of such deductibles.

15. On or about June 4, 2011, a severe hail storm damaged several of the properties owned by the Insureds. Contrary to the representations and promises made to the Insureds by Pathfinder that only one deductible would apply to a single occurrence regardless of the number of insured properties affected, separate deductibles were applied to each of the insured properties. To make matters worse, the deductibles were not the same – a $10,000 deductible was applied to the losses on two properties, and a $25,000 deductible was applied to the other three. At the time Pathfinder sold the policy to the Insureds, Pathfinder represented that there would only be a single $10,000 deductible per occurrence for property damage losses, regardless of the number of properties damaged.

3

EXHIBIT 1
Page 3 of 9

16.  The Insureds have been damaged in an amount totaling $85,000 on account of the wrongful deductibles that were assessed contrary to the promises and material representations of Pathfinder, which turned out to be false, misleading, and deceptive. Pathfinder is liable to the Insureds for the losses suffered as a result of the wrongful deductibles. By allowing Pathfinder to sell the policy and otherwise delegating certain duties to Pathfinder, either directly or through others, Lexington is also liable to the Insureds for the wrongful deductibles assessed against the Insureds.

17.  Lexington delegated the claims handling process to CIBA and/or CAG, as well as others acting on behalf of CIBA and/or CAG, including Vericlaim. Pathfinder also took an active role in the claims handling process.

18.  There were several problems during the claims handling process. For example, loss payees were incorrectly identified, resulting in payments being made, but not sent to the Insureds; losses were oftentimes not adjusted correctly; undisputed amounts were not immediately sent to the Insureds, even after the Insureds expended considerable sums in repairing the damaged properties; Defendants failed to accurately and completely advise the Insureds of all rights, benefits, and duties under the policy; and, Defendants took unusually long amounts of time to provide information surrounding the losses and/or wholly failed to communicate with the Insureds about resolving the losses -- all of which delayed further remedial work made necessary by the occurrence, confused the issues, and otherwise delayed resolution of the claims under the policy. As of the date of this petition, not even one of the claims has been completely resolved, and significant repairs still have not been made due to the improper, bad faith claims handling process by Defendants.

19. The unresolved claims include:

   a. **Property:** Hipoint, 2500 McGee Drive, Norman, Oklahoma 73072

   Insured: Hipoint Partners, LLC
   Date of Loss: June 14, 2011
   Total Loss: $191,979.24
   Deductible: ($25,000) (disputed by Insured)
   Amount Paid to Hipoint: $166,979.24

   Defendants have failed and refused to refund the wrongfully assessed deductible.

   b. **Property:** Crimson Creek, 334 12th Avenue Southeast, Norman, Oklahoma 73071

   Insured: L&S Development, LLC
   Date of Loss: June 14, 2011
   Total Loss: $45,645.87
   Deductible: $25,000 (disputed by Insured)
   Amount Paid to L&S: $16,169.23

   Defendants have failed and refused to either pay the total loss suffered and/or refund the wrongfully assessed deductible.

   c. **Property:** Peachtree Apartments, 1000 North Mustang Road, Mustang, Oklahoma 73064

   Insured: BCS Development, LLC
   Date of Loss: June 14, 2011
   Total Loss: $117,639.17
   Deductible: $25,000 (disputed by Insured)
   Amount Paid to BCS: $38,951.17

   Defendants have failed and refused to either pay the total loss suffered and/or refund the wrongfully assessed deductible.

   d. **Property:** A+Mini Storage 4, 2002 Research Park Blvd, Norman, Oklahoma 73069

   Insured: A+ Mini Storage 4, LLC
   Date of Loss: June 14, 2011
   Total Loss: $88,310.40
   Deductible: $10,000 (disputed by Insured)
   Amount Paid to A+: $13,541.17

Defendants have failed and refused to either pay the total loss suffered and/or refund the wrongfully assessed deductible.

e. **Property:** <u>Robinson Medical Plaza, 701 E. Robinson, Norman, Oklahoma 73071</u>

Insured: Robinson Medical Plaza, LLC
Date of Loss: June 14, 2011
Total Loss: $288,655.99
Deductible: $10,000 (disputed by Insured)
Amount Paid to Robinson: $0.00

Defendants have failed and refused to either pay the total loss suffered and/or refund the wrongfully assessed deductible.

20. In addition to the problems with the claims handling process noted above, Defendants failed to timely or fully advise the Insureds of their rights and obligations under the policy with regard to each of the losses suffered in accordance with Oklahoma law.

21. Insureds properly gave notice to Defendants of their claims and made due demand upon Defendants for payment of the policy benefits, and met all conditions precedent for payment of those benefits. Any failure of the Insureds to meet any contractually required condition precedent or other contractual obligation was caused or created by the misrepresentations of and confusion caused by Defendants during the claims handling process, and/or because of the failures on Defendants' part to fully and properly inform the Insureds of their rights and obligations under the policy.

22. CIBA and Lexington breached their express and implied contractual obligations and duties to the Insureds resulting in damages to the Insureds exceeding $400,000.

23. Lexington, CIBA, CAG, and/or Vericlaim owed a duty to the Insureds to properly and timely adjust and fairly evaluate the Insureds' claims under the policy. Having apparently delegated certain claims handling responsibilities to them, Lexington is legally liable for the acts

and omissions of CIBA, CAG, and Vericlaim. CIBA, CAG, and Vericlaim acted negligently and/or are guilty of professional negligence with regard to the claims handling process resulting in damages to the Insureds exceeding $400,000.

24. In handling the Insureds' claims, and as a matter of standard business practice in handling similar claims under such policies, Defendants breached their duties to deal fairly and to act in good faith towards the Insureds by:

    a. failing and refusing payment and other policy benefits on behalf of Insureds at a time when Defendants knew that Insureds were entitled to those benefits;

    b. failing to properly and timely investigate Insureds' claims;

    c. withholding payment of benefits on behalf of Insureds knowing that Insureds' claims for those benefits were valid;

    d. refusing to honor Insureds' claims in some instances for reasons contrary to the express provisions of the policy;

    e. refusing to honor Insureds' claims in some instances by applying restrictions not contained in the policy;

    f. refusing to honor Insureds' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

    g. failing to adopt and implement reasonable standards for prompt investigation and reasonable handling of claims arising under such policies, to include Insureds' claims;

    h. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Insureds' claims once liability had become reasonably clear;

    i. forcing Insureds, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendants knew were payable; and,

    j. failing to properly evaluate any investigation that was performed;

all in violation of the implied covenant of good faith and fair dealing and resulting in a financial benefit to Defendants.

25. As a proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Insureds have suffered losses well in excess of $400,000 including, but not limited to, loss of benefits under the policy, anxiety, frustration, mental and emotional distress, financial hardship, further property damage, and attorneys' fees and costs.

26. Defendants acted intentionally and with malice toward the Insureds or are guilty of reckless disregard of the rights of the Insureds entitling the Insureds to punitive damages.

27. Defendants acted intentionally and with malice toward Insureds or are guilty of reckless disregard of the rights of the Insureds by unnecessarily prolonging the claims handling process all without ever promptly notifying the Insureds about any limitations under the policy. As a result, Defendants have waived any right to argue, or are estopped from arguing, that the Insureds' claims are barred by any applicable contractual limitations period, or that any portion of Insureds' claims are barred by the express language of the policy.

WHEREFORE, plaintiffs, Hipoint Partners, LLC, L&S Development, LLC, Robinson Medical Plaza, LLC, BCS Development, LLC, and A+Mini Storage 4, LLC, pray for judgment against defendants, Pathfinder LL&D Insurance Group, Vericlaim, Inc., Lexington Insurance Company, Commercial Industrial Building Owners Alliance, Inc. and Claims Adjusting Group, Inc., jointly and severally, in a sum in excess of $400,000 in actual damages and an amount in excess of $75,000 in punitive damages, together with interest and costs of this action, as well as reasonable attorneys' fees and for all other relief as this Court deems just and proper.

Respectfully submitted,

HAYES MAGRINI & GATEWOOD

*(signature)*

Robert L. Magrini, OBA #12385
Marvin Laws, OBA #18759
1220 North Walker
Oklahoma City, Oklahoma 73103
(405) 235-9922; (405) 235-6611 (fax)
E-Mail: rmagrini@hmglawyers.com
E-Mail: mlaws@hmglawyers.com

*Attorneys for Plaintiffs, Hipoint Partners, LLC, L&S Development, LLC, Robinson Medical Plaza, LLC, BCS Development, LLC, and A+Mini Storage 4, LLC.*

9

EXHIBIT 1
Page 9 of 9