IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HIGHPOINT PARTNERS, LLC, *et al.*,       )
                                          )
                    Plaintiffs,           )
                                          )
v.                                        )      Case No. CIV-13-687-D
                                          )
PATHFINDER/LL&D INSURANCE                 )
GROUP, LLC, *et al.*,                     )
                                          )
                    Defendants.           )

# O R D E R

Upon review of the Notice of Removal, the Court finds insufficient factual allegations to

support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332.[1]  All named

plaintiffs and one defendant are alleged to be limited liability companies.  Federal appellate courts

have unanimously held that a limited liability company should not be treated like a corporation

under 28 U.S.C. § 1332(c)(1), but like a limited partnership or other unincorporated association

under *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).[2]  The Notice of Removal contains

no information concerning the citizenship of the members or owners of parties that are limited

liability companies and, therefore, fails to allege the citizenship of these parties.  Further, the Notice

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[2] *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

of Removal fails to allege facts to establish the citizenship of the corporate parties, which are citizens of both the state of incorporation and the principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

IT IS THEREFORE ORDERED that Defendants shall file an amended notice of removal to allege the existence of diversity jurisdiction not later than July 24, 2013.[3]

IT IS SO ORDERED this 10th  day of July, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3]  The exhibits attached to the Notice of Removal need not be re-filed, but may be incorporated by reference pursuant to Fed. R. Civ. P. 10(c).